HENRY F. MICHELL CO. v. MATTHUES, State Treasurer

(Circuit Court, E. D. Pennsylvania. January 19, 1905.)

No. 25.

1. FEDERAL COURTS—STATE STATUTES—VALIDITY—STATE DECISIONS.

Where a taxpayers' action was brought in the federal court to determine whether Pa. Act April 14, 1903 (P. L. 1903, p. 175), increasing the salaries of state judges, infringed the state Constitution, and before the determination of a motion to dismiss the bill the state Supreme

Court decided that the act was constitutional, such decision was binding on the federal court.

[Ed. Note.—State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. SAME.

The Supreme Court of the state having jurisdiction over the subject-matter and parties to the suit in which such question was determined, the validity of such determination could not be reviewed in the federal courts on the ground that the decision was rendered by a single justice as constituting the court, the other justices having refused to take any part by reason of alleged disqualification.

## Motion to Dismiss Amended Bill of Complaint.

James W. M. Newlin, for complainant.
Hampton L. Carson, for respondent.

J. B. McPHERSON, District Judge. The attorney general of the commonwealth of Pennsylvania, appearing for the defendant, who is the state treasurer, has moved to dismiss the bill of complaint, and has assigned several reasons therefor; but none of them, I think, need now be considered, because the situation of the cause has materially changed since the motion to dismiss was argued.

The complainant's bill as originally filed is as follows:

"Your orator, Henry F. Michell Company, avers that it is a corporation created by and existing under the laws of the state of Delaware, and is a citizen of the state of Delaware and resident therein.

"Your orator further avers that the defendant, William L. Matthues, is the treasurer of the state of Pennsylvania, and is a citizen of the state of Pennsylvania, and a resident therein.

"Your orator further avers that it is a taxpayer in the state of Pennsylvania, and pays taxes to the said state of Pennsylvania.

"Your orator also avers that the amount involved in this controversy between your orator and the defendant exceeds the sum of five thousand dollars ($5,000) exclusive of interest and costs.

"Your orator further avers that as a payer of taxes to the state of Pennsylvania it has a right to prevent the defendant William L. Matthues, state treasurer, from paying out of the state treasury any money in violation of the Constitution of the state of Pennsylvania.

"Your orator further avers that article 3, section 13, of the Constitution of Pennsylvania provides as follows:

"'No law shall extend the term of any public officer, or increase or diminish his emoluments after his election or appointment.'

"Your orator further shows that the Legislature of Pennsylvania by the Act of April 14, 1903 (P. L. 1903, p. 175), increased the salaries of judges of various courts of the commonwealth of Pennsylvania, after their election or appointment. And your orator further avers, on information and belief, that the said judges are endeavoring to compel the defendant to pay them the said increased salaries, which the said statute in terms requires the said defendant to do.

"Your orator is advised by counsel that the attempted increase in the salaries of judges elected prior to April 14, 1903, makes that portion of the statute of that date unconstitutional, because the same is in plain violation of the prohibition contained in article 3, section 13, of the Constitution of Pennsylvania above quoted.

"Your orator further avers that every judge in the commonwealth of Pennsylvania is personally interested in the determination of this question. The judges elected prior to April 14, 1903, are personally interested to the extent of the increased salaries provided for them by the said statute, and the judges elected or appointed since the passage of the said statute are interested in determining the same to be constitutional as to other judges

previously elected, because such a determination would establish the right of the Legislature in the future to still further increase the salaries of those judges who are now entitled to receive the increase of salaries provided by the said statute.

"Your orator further says that it is without any adequate remedy at law in the premises, and that the interference of a court of equity is imperatively required to enforce your orator's rights.

"Your orator therefore prays for equitable relief as follows:

"One. That the defendant, William L. Matthues, treasurer of the state of Pennsylvania, be restrained from paying any money out of the treasury of the state of Pennsylvania to judges of the several courts of the said commonwealth of Pennsylvania elected before the passage of the said act of April 14, 1903, in excess of their salaries as fixed by law prior to their election."

—With the usual prayer for process and further relief.

Not long afterwards, the bill was amended by adding the following paragraphs:

"Your orator further says that its bill, as originally filed, raises a federal question which gives jurisdiction to this honorable court, irrespective of the amount involved, or the citizenship of either party thereto.

"Your orator is advised by counsel that the Constitution of Pennsylvania is so explicit on the subject of judges' salaries that it could not have entered into the minds of the members of the convention that they were leaving the Constitution in such a position that the courts provided by it would be called upon to determine a question in which every judge would be personally interested. The convention therefore provided no tribunal to hear a contention which it had provided should not be raised. Having arisen, and jurisdiction having been assumed, since the filing of this bill, by the Supreme Court of Pennsylvania, your orator is advised that the proceeding in that court by the commonwealth through the attorney general against the state treasurer to pay increased salaries is not a proceeding in 'due course of law' or 'according to the law of the land,' and that it does deprive your orator of 'the equal protection of the law,' as these terms are used in the Constitution of the United States.

"Your orator further shows that the Supreme Court of Pennsylvania is composed of seven judges, of whom six were elected before the passage of the increased salary act, which is the subject of this bill. Each of these six judges has a direct personal interest in the determination of the question upon which his court has assumed jurisdiction in a cause pending therein from Dauphin county, Pennsylvania, which in the ordinary course of procedure would be heard on appeal in May, 1905. It has been advanced in that court and has within a few days last past been heard in Pittsburgh. One of the six judges directly and personally interested in the contention before him declined to sit, which reduced the court to six members, which can decide in favor of its own increased salaries by a divided court, and can do this before this honorable court can determine the constitutional question raised by your orator's bill.

"Your orator is further advised by counsel that the Legislature in January next can create a court under article 5, section one, of the Constitution of Pennsylvania, which can lawfully hear and determine the question involved in this bill. The people can elect this tribunal at the February election, and they can deliver their judgment promptly thereafter. The Legislature having passed the judicial salary act, and the contested construction put upon it leaving the courts in the control of the Legislature as to their salaries, it may be assumed that the Legislature will create such a court promptly, if the judges want it, and that new tribunal will directly represent the people of the state, whose taxes pay the judges' salaries."

The questions which the bill and the amendments thus attempt to raise, with some other questions, were argued upon the motion to dismiss; but the only two that need now be noticed are the constitutionality of the act of 1903, and the federal question whether the hearing before the Supreme Court of Pennsylvania was "due process of law"

or "according to the law of the land," or deprived the complainant of "the equal protection of the law," for the reason that six of the seven judges who constitute the court were pecuniarily interested in the increase of salary proposed by the act. But these two are no longer open for discussion, for they have recently been disposed of by the Supreme Court of the state in an opinion filed on December 31, 1904. In that opinion it was held that the act of 1903 did not offend against the Constitution of Pennsylvania, and, while it is scarcely necessary to cite authority for the proposition that the interpretation of its own fundamental law by the highest tribunal of a state is binding upon the federal courts, I may be permitted to refer to two late cases upon this subject decided by the supreme court of the United States: Pitts., C., C. & St. L. Ry. Co. v. Backus, 154 U. S. 421, 14 Sup. Ct. 1114, 38 L. Ed. 1031, and Winona & St. Paul Land Co. v. Minnesota, 159 U. S., 533, 534, 16 Sup. Ct. 83, 40 L. Ed. 247. As to the remaining question, it appears from a statement in the opinion that no one of the six judges who were interested in the question took part in the decision, but that the subject was considered and decided by Mr. Justice Thompson alone, who was appointed after the act of 1903 was passed, and was therefore disinterested, because he, at least, was undoubtedly entitled to the higher rate of pay fixed by that statute. I quote the relevant paragraph from his opinion, which is, of course, to be accepted as conclusive evidence of the facts therein stated:

"The universal rule of judicial action is that judges sit in cases in which they are interested only under compulsion of necessity arising from the entire failure of any other competent tribunal. In the present case one judge is wholly free from interest, and by force of this fact the powers of the court necessarily devolve upon him. If one or two or even a majority were disqualified by interest, the powers of the court would be exercised by the others without question. The fact that only one is free from interest makes no difference in principle; it is merely more inconvenient. The disposition of the question raised on this appeal has therefore devolved on the only member of the court not interested in the case, the other members of the court having declined to consult or enter into any discussion of the case."

It is apparent, therefore, that the complainant's bill in equity has become superfluous; the constitutionality of the act of 1903 has been definitely affirmed by the highest tribunal of the state, and the federal question which the amendment to the bill seeks to raise has been shown to lack the necessary foundation of fact.

The bill is accordingly dismissed, at the costs of the complainant.

### Motion to Amend Further.

The foregoing opinion was about to be filed when the complainant made a motion to amend again by adding the following paragraphs to the bill:

"The complaint amends the bill heretofore filed herein by adding thereto the following additional paragraph, stating matter of fact which has occurred since the hearing of the motion of the attorney general of Pennsylvania to dismiss the original bill and the amendment filed October 27, 1904:

"Your orator further says that since the argument of the said motion to dismiss, to wit, on December 31, 1904, there was filed with the prothonotary of the Supreme Court of Pennsylvania in the case of Commonwealth at the relation of the Attorney General vs. the State Treasurer, an opinion written

by one of the judges of the Supreme Court of Pennsylvania, whose term of office expired the next day, to wit, Justice Thompson, in which paper the said justice gave his individual views on the judicial salary question.

"He began this statement of his own views by calling attention to the fact that all of the seven judges of the Supreme Court of Pennsylvania except himself were personally interested in the determination of the question on appeal, and then added this language:

" 'The disposition of the question raised on this appeal has, therefore, devolved on the only member of the court not interested in the case, the other members of the court having declined to consult or to enter into any discussion of the case.'

"The opinion of Justice Thompson then goes on to consider the question involved in the appeal, and, after giving his individual views thereon, attempted to make the same a judgment of the Supreme Court of Pennsylvania by undertaking to affirm the judgment of the court below.

"Your orator further avers that when this appeal from the court of common pleas of Dauphin county was heard at Pittsburgh, October 17, 1904, Chief Justice Mitchell announced that the court had some hesitation about jurisdiction and would retire for consultation. Shortly thereafter, and upon the same day, the court reassembled and announced that one of their number, Justice Brown, for personal reasons would not sit during the hearing, and thereupon the other six judges, including Justice Thompson and the five senior judges, all personally interested in the cause, did then and there take and exercise jurisdiction by sitting as a Supreme Court and hearing the cause argued by counsel on both sides.

"Your orator further says that the Constitution of Pennsylvania, article 5, section 2, provides as follows:

" 'The Supreme Court shall consist of seven judges, who shall be elected by the qualified electors of the state at large.'

"Your orator further avers that by reason of the six judges taking and exercising jurisdiction, and by further reason of the provision of the state Constitution just quoted, the opinion of Justice Thompson, as to which the other members of the court declined to consult or enter into any discussion, is not a judgment of the Supreme Court of Pennsylvania, and is not binding on the circuit court of the United States, and that the case now rests as a judgment of the court of common pleas of Dauphin county unreversed and undecided by the Supreme Court of Pennsylvania.

"Your orator for these reasons is advised by counsel that the individual views of Justice Thompson have merely personal and academic interest, and that your orator is entitled to have the merits of the cause at issue in this case determined on its merits by this honorable court."

It would be useless to permit this amendment to be made. It does not even profess to raise a federal question, and this court has no jurisdiction to sit in judgment upon the action of the Supreme Court of Pennsylvania on a purely domestic controversy, and pronounce its formal decree to be void. The state court had appellate jurisdiction over the subject-matter of the suit and of the parties thereto, the cause was heard by all the judges except one, and judgment therein has been duly entered upon its record. This, I think, is conclusive upon a circuit court of the United States, which cannot properly concern itself with the question whether the judgment was void because it was entered by one judge only. If it is void for that reason, its invalidity must result from a violation either of the state Constitution or of some fundamental rule of general jurisprudence, and neither ground of invalidity can be examined by a federal tribunal.

The motion to amend is refused, and a decree of dismissal will be entered.